(51 Misc. Rep. 221.)

CULLINAN, State Com'r, v. DWIGHT et·al.

(Supreme Court, Special Term, Oneida County. June, 1906.)

DEPOSITIONS—OBJECTION TO COMMISSION.

The state commissioner of excise sued the holders of a liquor tax certificate, who were authorized to sell liquors only on written prescription of a physician, and their surety, to recover on the bond given on issuing the certificate for having sold an article called Peruna, which was claimed to be a liquor, within the meaning of the Liquor Tax Law (Laws 1896, p. 45, c. 112). Plaintiff asked for a commission to take testimony of witnesses in Ohio as to the ingredients of the article. *Held*, that it would not be denied on the ground that the formula was a trade secret and the relation of the witnesses to the manufacturer was confidential, but it should be left for the witnesses to plead their privilege, and the question

of their rights and privileges, and what evidence may be suppressed or deemed privileged must be passed upon in some other proceeding.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Depositions, § 52.]

Action by Patrick W. Cullinan, state commissioner of excise against Henry D. Dwight and others. Motion by plaintiff for commission to examine nonresident witnesses. Motion on written interrogatories allowed.

Herbert H. Kellogg (William Vanamee, of counsel), for the motion. Barnum, Spicer & Wells, opposed.

DEVENDORF, J. This motion is made by the plaintiff to obtain an open commission, under section 894 of the Code of Civil Procedure, to examine certain witnesses in the city of Columbus, O. The notice of motion, however, is in the alternative for a commission upon interrogatories, if an open commission is refused.

The action is brought under section 18 of the liquor tax law (Laws 1896, p. 61, c. 112), against Dwight & Nye, pharmacists or druggists of Syracuse, N. Y., and the defendant guarantee company as surety to recover the penalty of $500 on the bond filed by said druggists when they applied for and obtained a liquor tax certificate, to traffic under subdivision 3 of section 11 of the liquor tax law, as a pharmacist; that is, to sell liquors only upon the written prescription of a regularly licensed physician.

It is alleged in the complaint that the defendants aforesaid, while operating under their liquor tax certificate as pharmacists, sold liquor which was commercially known as "Peruna," in violation of the liquor tax law. The defendants admit the sale of Peruna, but deny that it is a liquor, and claim that it is a medicine and has been compounded and sold as such and is manufactured according to a medical formula and was sold in good faith for the cure of diseases and as a medicine. That, I think, briefly states the nature of the defense interposed; hence, the issue which will necessarily be tried will be whether Peruna, alleged and admitted to have been sold, was a liquor within the definition of section 2 of the liquor tax law, which defines the term "liquor" as used in said act, to include and mean all distilled or rectified spirits, wine, fermented or malt liquors.

The defendants interposed a preliminary objection to the hearing of the motion, to the effect that a sufficient affidavit of merits was not contained in the moving papers. I think the affidavit in the moving papers complies, in that regard, fully with the requirements of sections 888 and 894 of the Code of Civil Procedure; it avers facts sufficient with reference to the merits of the action and the materiality of the evidence sought. The preliminary objections are, therefore, overruled.

The plaintiff asks that a commission issue from this court, for the purpose of examining witnesses, in plaintiff's behalf herein, in the state of Ohio. Five witnesses are named and it is stated in the moving papers that there are others whose names are at this time unknown to plaintiff, but the testimony sought is apparently upon one line of proof, namely, to show the ingredients contained in Peruna. The defendants

strenuously urge that the plaintiff's motion should be denied, for the reason that the witnesses sought to be examined should not and cannot be compelled to divulge the formula under which Peruna is manufactured, and that such formula is a trade secret, and that the relation of the witnesses to the manufacturer is of a confidential nature, and that the court should not lend its aid to compel the manufacturer or those in his employ to divulge the secrets of his business.

The court at this time is not called upon to say whether that position taken by the defendants is tenable or otherwise. This is simply a motion for a commission, made under certain provisions of the Code of Civil Procedure; and the only question which this court passes upon and determines at this time is whether the allegations and showing contained in the moving affidavits are sufficient to entitle the plaintiff to examine certain witnesses by means of a commission in the state of Ohio. The witnesses named as necessary and material are not parties to this action. We cannot presume as a fact that they will plead their privilege even if justified in so doing. The manufacturer of this medicine or compound who is named as a witness may be willing, when the commission is prepared to take the evidence, to state as to the ingredients contained in Peruna; hence, I have come to the conclusion that the plaintiff is entitled to a commission. Subsequent questions with reference to the rights and privileges of the witnesses called and sworn thereunder as well as what evidence may be suppressed or deemed privileged must be determined and passed upon later and in some other proceeding.

The fact that the defendants say or show that the evidence sought from these witnesses is privileged should not prevent the granting of a commission. I do not think, however, that an open commission should be allowed. It would, I believe, place a great hardship upon the defendants, and there are other reasons which bring me to this conclusion; therefore, the application for an open commission is denied, and a commission upon written interrogatories will issue. The commissioner will be designated by the court, if not agreed upon by the counsel, at the time of settlement of the form of the order to be entered hereon. Ten dollars costs are allowed, generally, to abide the event.

Ordered accordingly.